■ In the Matter of HARRY HINKLEY, Respondent, v DEBRA VOGEL et al., Respondents. CLIFF GORDON, as Law Guardian, Appellant. [658 NYS2d 754] —Spain, J. Appeal from an order of the Family Court of Sullivan County (Bivona, J.), entered July 5, 1996, which, in a proceeding pursuant to Family Court Act article 6, denied the Law Guardian's application to have preventive services placed in petitioner's home upon the return of custody of his minor child.

Petitioner is the biological father of a minor child who has been in foster care for most of her life. In July 1995 petitioner and the child's foster mother were granted joint custody of the child with physical custody remaining with the foster mother. When the foster mother died in April 1996, petitioner filed a petition for modification of the prior custody order seeking sole custody of the child. Following hearings in Family Court, the parties agreed that petitioner would share joint custody with petitioner's aunt and the child would reside at the aunt's home until the end of the school year, at which time the child would reside with petitioner if, at that time, he consented to cooperate with whatever preventive services the court deemed appropriate and if his residence was suitable. The record suggests that the court intended to order preventive services once the child resided with petitioner. Family Court issued a temporary order reflecting this agreement.

Thereafter, a subsequent hearing was held prior to the placement of the child with petitioner; notably, a different Family Court Judge presided over this stage of the proceedings at

which petitioner openly stated that he had no objection to preventive services. Family Court ruled, however, that preventive services were neither permissible nor necessary and ordered that petitioner have full custody of the child. The Law Guardian who had represented the child throughout the prior proceedings took issue with the court's ruling, requesting that preventive services monitor petitioner's home because of his past history of being unable to maintain suitable living arrangements. The Law Guardian appeals from this order insofar as it denied his application for preventive services.

We find no statutory authority for Family Court's conclusion that preventive services could not be ordered in this case. Social Services Law § 409-a (2) states, in pertinent part, that "[a] social services official is authorized to provide preventive services to a child and his family to accomplish the purposes set forth in [Social Services Law § 409]". One of those purposes is to reduce "the likelihood that a child who has been discharged from foster care would return to such care" (Social Services Law § 409). This is in keeping with the legislative purpose behind the statute "to delineate a State policy of preserving the natural homes of children in foster care or at risk of placement in foster care by placing a new emphasis on preventive services to maintain family relationships and reunite families whenever possible" (*Martin A. v Gross*, 153 AD2d 812, 814-815, *lv dismissed sub nom. Cosentino v Perales*, 75 NY2d 808).

The Law Guardian in this case strongly recommended the placement of protective services in petitioner's home based upon problems petitioner had experienced in the past as well as the fact that the child had been in foster care for an extended period of time. In addition, the record reveals that all parties, including petitioner, agreed to this arrangement. We find no sound basis for Family Court's deviation from the prior order and agreement of the parties without specific findings supporting no further need for preventive services. Accordingly, we conclude that Family Court should not have granted full custody of the child to petitioner without ordering that appropriate preventive services be placed in petitioner's home or at least holding a fact-finding hearing on the issue of the need for such services.

Cardona, P. J., White, Casey and Carpinello, JJ., concur. Ordered that the order is modified, on the law and the facts, without costs, by reversing so much thereof as denied the Law Guardian's application for the placement of preventive services in petitioner's home; said application granted and matter

remitted to the Family Court of Sullivan County for further proceedings not inconsistent with this Court's decision; and, as so modified, affirmed.